Matthew J. Wald
Wald Law Office, PLLC
P.O. Box 553
Hardin, Montana  59034
406-665-4140
406-665-4045 Fax
E-mail: mattwald@ymail.com
Counsel for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| **UNITED STATES OF AMERICA,**<br><br>                    Plaintiff,<br><br>       -vs-<br><br>**QUINCY WOODENLEGS,**<br><br>                    Defendant. | Cause No. CR 10-150-BLG-RFC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |
|---|---|

COMES NOW, the Defendant, by and through his attorney of record Matthew J. Wald, and hereby files with the Court the following Sentencing Memorandum to aid the Court in determining the appropriate sentence in this matter.

**I. Applicable Law.**

The United States Supreme Court has determined that although the Sentencing Guidelines are advisory only, a district court should begin all

sentencing proceedings by correctly calculating the applicable Guidelines range. See *Rita v. United States,* 127 S. Ct. 2456, 2465 (2007). A guideline sentence is reflective of the Sentencing Commission's determination that in the "mine run of cases" the recommended guideline range embodies a "rough approximation of a sentence that might achieve § 3553(a)'s objectives." *Rita*, 127 S.Ct. at 2458.

**A. Guideline Range**

At this time Mr. Woodenlegs has resolved all objections regarding guideline calculations, and accepts the calculations set forth in the final Pre-Sentence Report that was compiled for this case. Mr. Woodenlegs agrees that the Total Offense Level is 17. Mr. Woodenlegs's criminal history points are 0, which places him in category I of the Criminal History Category. Based upon a total offense level of 17 with a criminal history category of I, the PSR author has calculated the advisory sentence guideline range to be 24 to 30 months. Mr. Woodenlegs does not dispute this calculation.

**B. 18 U.S.C. § 3553(a) Considerations.**

18 U.S.C § 3553(a) provides that:

The Court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider

(1) the nature and circumstances of the offense and the history and characteristics of the defendant:
(2) the need for the sentence imposed
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## II.  Nature and Circumstances of the Offense and Defendant

### A.  Acceptance of Responsibility and Nature of Offense.

Mr. Woodenlegs has accepted responsibility for his actions and has pleaded guilty to the offense, thus not forcing the trauma of a trial upon the victim.  Mr. Woodenlegs' letter of acceptance of responsibility clearly expresses his remorse for involving the minor child in this offense and his determination to accept his punishment and do what it takes to succeed:

*To: Honorable Judge CeBull*
*Thank you for taking the time to read this letter I want you and JB, to know how terrible and ashamed I feel about what happened, and I take full responsibility. I have never done anything like this before and promise I never will again. I have always protected and helped raise my cousins kids I have always helped kids my whole life and can't believe I harmed a child in anyway. Now I'm in a position where I can't even support my own children, I've had two more baby girls since I've been locked up my family mean everything to me. After I pay my price for my offense it is my goal to do whatever it takes to stay sober, working and taking care of my family. It is my plan to get a job and home off the reservation, hopefully in Billings where I can do whatever treatment Mr. Sullivan tells me to do and work to support my children. If I get Pre-release I will try to get the best job I can and save money so I can get a place to live and keep working.  I love my family and my tribe but I think this plan will help me stay on a positive path*

*plus I have come back to the Lord since I've been locked up I know with his help I can be a better person thank you for this opportunity to apologize and ask you to consider my obligations to my family as you decide my sentence.*
*Quincy Woodenlegs*

It is difficult for a young man to acknowledge publicly and to those close to him that he committed an offense such as this, and Mr. Woodenlegs obviously struggled with doing so both before he was indicted and during the course of this case. However, he did stand up at the change of plea and admit his actions, cooperated fully with Mr. Sullivan regarding the evaluation done in this case, and appropriately showed his remorse and positive plans for the future in the letter he has written to this Court.

**B. Lack of Criminal History.**

Mr. Woodenlegs has almost no prior criminal history, with the exception of alcohol driven offenses on the reservation. While this fact is a consideration in determining the appropriate guideline sentencing range, it is an important §3553(a) factor to be considered by the Court as well. The lack of prior sexual offenses or any allegations of any such behavior is important to show what an aberration of behavior this offense was for Mr. Woodenlegs and should help alleviate the Court's concern for community safety.

**C. Incarceration.**

Mr. Woodenlegs has been incarcerated for a total of 327 days of pre-

sentence incarceration since the indictment in this case.

**D. Supervised Release.**

This offense carries a minimum of five (5) years of supervised release. Mr. Woodenlegs recognizes that this Court often imposes a longer term of supervised release in cases involving sexually related offenses. Therefore, Mr. Woodenlegs requests a term of supervised release of no longer than 10 years. This request is justified under the facts of this case and the characteristics and history of Mr. Woodenlegs. In no way is this an attempt to minimize the gravity of the offense, but the facts of the offense must be considered. The allegations concern only touching, as opposed to an offense involving penetration, and the touching was extremely short in duration, namely a matter of a few seconds. Further, there was no evidence of any type of grooming of the victim by Mr. Woodenlegs. Rather, this was an offense of opportunity where Mr. Woodenlegs was under the influence of alcohol. Mr. Sullivan's report indicates that Mr. Woodenlegs is classified at the lowest level of offender, is treatable in the community, and is of low risk to reoffend. (PSR, p. 52, 53).

Also, Mr. Woodenlegs has no prior felony criminal record, and he has no history of being involved in any type of sexual related offenses. Rather, Mr. Woodenlegs' criminal history only concerned misdemeanor tribal

offenses, most of which were nonviolent offenses and all of which were alcohol related. The obvious conclusion is that if Mr. Woodenlegs is not drinking, he is not involved in criminal activity.  Mr. Woodenlegs has expressed his understanding of the necessity to live a life of sobriety within the rules of society.  A ten year period of supervised release will provide ample time for Mr. Woodenlegs to demonstrate his commitment to sobriety, and remaining a law-abiding citizen engaged in supporting his family.

### III. Sentencing Recommendation.

A sentence below or at the low end of the guideline range along with a ten year period of supervised release does reflect the seriousness of the offense and provide just punishment, particularly when one considers the fact that Mr. Woodenlegs has already served a year in jail, will be considered a convicted felon for the remainder of his life, will have to register as a sexual offender, will likely have to complete sexual offender treatment, and will face restrictions on association.  A longer term of imprisonment is not appropriate under the facts of this case.
Mr. Woodenlegs respectfully submits to this Court that an appropriate sentence for this case is a sentence below or at the low end of the applicable guideline range, no greater than 24 months.  Mr. Woodenlegs also requests supervised release of no more than 10 years.  Mr. Woodenlegs asserts that

such a sentence is both legally and factually supported in this case and will achieve the purposes of sentencing as set forth in 18 U.S.C § 3553: a sentence that is sufficient, but importantly, not greater than necessary to achieve the purposes of sentencing.

RESPECTFULLY SUBMITTED this 30th day of November, 2011.

\s\ Matthew J. Wald
Matthew J. Wald
Attorney for the Defendant

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on November 30, 2011, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>   CM-ECF

      Hand Delivery

<u> 3 </u>   Mail

      Overnight Delivery Service

<u> 2 </u>   Fax

      E-Mail

1.  CLERK, UNITED STATES DISTRICT COURT

2.  Ms. Marcia Hurd
    Assistant United States Attorney
    United States Attorney's Office
    P.O. Box 1478
    Billings, MT 59103
    Counsel for the United States

3.  QuincyWoodenlegs
    Yellowstone County Detention Facility
    3165 King Avenue East
    Billings, MT 59101
    Defendant

                                                <u>\s\ Matthew J. Wald</u>
                                                Matthew J. Wald
                                                Attorney for the Defendant