IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-10-150-BLG-DWM-CSO-1 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| QUINCY WOODENLEGS, | |
| Defendant. | |

## I. Synopsis of Recommendations

A petition alleged that Defendant Quincy Woodenlegs ("Woodenlegs") violated his conditions of supervised release by testing positive for methamphetamine, associating with a felon, testing positive for alcohol consumption, and failing to complete scheduled sex offender treatment. He admitted to the violations. Woodenlegs' supervised release should be revoked, and he should be sentenced to 9 months imprisonment followed by 111 months of supervised release.

## II. Status

On September 7, 2011, Woodenlegs pled guilty to Abusive Sexual

Contact. *ECF 45*. The offense involved Woodenlegs engaging in a

sexual act with a person who had not attained the age of 12 years at

the time of the offense. *ECF 1*. On December 8, 2011, the Court

sentenced Woodenlegs to 30 months incarceration with 10 years of

supervised release to follow. *ECF 53*. Woodenlegs began his

supervised release on March 15, 2013. *ECF 60*.

**<u>Petition</u>**

On July 3, 2013, the United States Probation Office prepared a

Petition for Warrant or Summons for Offender Under Supervision

requesting that a warrant be issued for Woodenlegs to appear to

answer allegations that he violated conditions of his supervised release.

*ECF 58*. The petition alleged that Woodenlegs violated (1) Standard

Condition Number 7 testing positive for methamphetamine; (2)

Standard Condition Number 9 by associating with Federal Offender

Christopher Killsnight; (3) Special Condition Number 10 by consuming

alcohol and registering a .031 Blood Alcohol Content. *Id*. Based on the

petition, the undersigned issued a warrant for Woodenlegs' arrest. *ECF 59.* On July 10, 2013, the United States Probation Office prepared an Amended Petition for Warrant or Summons for Offender Under Supervision. *ECF 60.* The Amended Petition alleged that Woodenlegs also violated Special Condition Number 3 by failing to complete scheduled sex offender treatment due to a suspension based on alcohol consumption and association with a felon. The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

**Initial Appearance**

Woodenlegs was arrested on July16, 2013. He made an initial appearance before the undersigned on July 19, 2013, in Billings, Montana.

**Revocation Hearing**

On July 19, 2013, the undersigned also conducted a hearing on whether Woodenlegs' supervised release should be revoked. Matthew J. Wald represented Woodenlegs. Assistant U.S. Attorney Lori Suek

represented the United States. The undersigned explained the

Findings and Recommendations procedure to Woodenlegs, including his

right to appear and allocute before Judge Molloy and the necessity of

properly objecting to the Findings and Recommendations in order to

preserve that right. In addition, Woodenlegs, his counsel, and the

Assistant U.S. Attorney executed an Acknowledgment of Rights and

Consent, again acknowledging his understanding of the Findings and

Recommendations procedure and consenting thereto.

Woodenlegs admitted each of the violations alleged in the

petition. The undersigned accepted his admission, determined that his

supervised release should be revoked or modified, and proceeded to

consider sentencing recommendations. The undersigned calculated

that Woodenlegs' violation grade is C, his criminal history category is I,

and the underlying offense is a class A felony. Under those

circumstances, the maximum sentence is 60 months incarceration, and

the United States Sentencing Guidelines call for 3 to 9 months

incarceration. Woodenlegs could be sentenced to a term of 5 years to

life supervised release, less any incarceration time imposed. Ms. Suek

and Mr. Wald agreed with those calculations.

Ms. Suek requested a sentence of 9 months incarceration. Ms. Suek stated that due to the nature of the underlying offense, the condition requiring participation in and completion of sex offender treatment is the most important condition. This violation, coupled with the other serious violations regarding drug and alcohol use, warrant a sentence on the high end of the sentencing guideline.

Mr. Wald requested a sentence of 3 months incarceration. Wald argued that Woodenlegs had been regularly attending and participating in the sex offender treatment each week. Mr. Wald also argued that Woodenlegs had found a job at Sonic restaurant shortly after being released from prison, and that he was doing well at that job. Finally, Mr. Wald explained that Woodenlegs desired to attend alcohol abuse treatment, but had encountered difficulty finding a sponsor.

Woodenlegs addressed the Court. He stated that he took responsibility for his actions, and apologized to the Court and his probation officer. He explained that family is important to him and he strongly desires to support his children. He explained that he was

frustrated with the fact that his contact with his kids and family was limited, and that part of the reason he consumed prohibited substances was to relieve stress.

### III.  Analysis

Based on Woodenlegs's admitted violations of his conditions of supervised release, his supervised release should be revoked.  The nature and number of the admitted violations warrants a sentence on the high end of the sentencing guideline.  The violations are troubling not only because they are breaches of the court's trust, but also because of the multiple attempts made by his supervising officer to impart upon Woodenlegs the seriousness of his noncompliance and the consequences that likely would result with repeated failures to comply.

Woodenlegs should be sentenced to 9 months incarceration, with 111 months of supervised release to follow.  No circumstances warrant a departure from the guideline range.

### III.  Conclusion

The undersigned advised Woodenlegs that the above sentence would be recommended to Judge Molloy, and reminded him that he has

the right to appear and allocute before Judge Molloy. The undersigned

instructed Woodenlegs that he may object to these Findings and

Recommendations within 14 days of their issuance, and must do so if

he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1.    Woodenlegs violated Standard Condition Number 7 testing positive for methamphetamine.

2.    Woodenlegs violated Standard Condition Number 9 by associating with Federal Offender Christopher Killsnight.

3.    Woodenlegs violated Special Condition Number 10 by consuming alcohol and registering a .031 Blood Alcohol Content.

4.    Woodenlegs violated Special Condition Number 3 by failing to complete scheduled sex offender treatment due to a suspension based on alcohol consumption and association with a felon.

The Court makes the following **RECOMMENDATION:**

1.    The District Court should revoke Woodenlegs' supervised release and commit Woodenlegs to the custody of the United States Bureau of Prisons for a term of imprisonment of 9 months followed by a 111-month term of supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
OBJECT**


The parties may serve and file written objections to the Findings

and Recommendations within 14 days of their entry, as indicated on

the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge

will make a de novo determination regarding any portion of the

Findings and Recommendations to which objection is made.  The

district judge may accept, reject, or modify, in whole or in part, the

Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and

may waive the right to appear and allocute before a district judge.

Dated the 19th day of July, 2013.


    /s/ Carolyn S. Ostby
United States Magistrate Judge